UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS D. FLEMING,

      Petitioner,

v.                                    CASE NO. 2:22-CV-10080
                                       HON. DENISE PAGE HOOD

DIRECTOR BUREAU OF PRISONS,

      Respondent.
_____/

**OPINION AND ORDER OF DISMISSAL**

I.

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2241. At the time he instituted this action, Marcus D. Fleming ("Petitioner") was a federal inmate serving an 84-month sentence for a drug offense and was placed on home confinement in Detroit, Michigan. Upon initial screening of the case, the Court learned that Petitioner was released from custody on January 14, 2022. *See* Inmate Profile, Bureau of Prisons ("BOP") Prisoner Locator, http://www.bop.gov/inmateloc//index.jsp. Petitioner, however, indicates that he is still serving a five-year term of supervised release. ECF No. 5, PageID.57. In his pleadings, Petitioner asserts that he is entitled to credit toward his sentence and/or supervised release due to time credits he allegedly earned under the First Step Act, 18 U.S.C. § 3632 *et seq*. (eff. Dec. 21, 2018). ECF

No. 1.

## II.

After the filing of a habeas petition, a federal court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, a court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).

A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such review, and for the reasons stated herein, the Court concludes that the habeas petition must be dismissed.

III.

Petitioner seeks habeas relief under 28 U.S.C. § 2241 asserting that he should be given either 421 days or 307 days of time credits toward his sentence/supervised release under the First Step Act due to his participation in evidence based recidivism reduction programs and productive activities while in prison. ECF No. 1, PageID.6-7; ECF No. 5, PageID.57.

It is well-settled that federal prisoners must exhaust administrative remedies prior to filing a habeas petition under § 2241. *United States v. Wilson*, 503 U.S. 329, 334-36 (1992); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). Exhaustion is an affirmative defense, and a district court may not dismiss a § 2241 petition at the screening stage for failure to plead exhaustion or to attach exhibits with proof of exhaustion. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). A district court, however, may sua sponte summarily dismiss such a petition on exhaustion grounds where a petitioner's failure to exhaust is apparent on the face of the pleading itself. *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (civil rights case); *Whitley v. Horton*, No. 20-1866, 2020 WL 8771472, *2 (6th Cir. Dec. 11, 2020) (denying a certificate of appealability where the district court summarily dismissed a § 2254 petition on exhaustion grounds); *Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, *1 (6th Cir.

3

July 17, 2017) (citing *Jones, Corey v. Daniels*, 626 F. App'x 414, 415 (4th Cir. 2015); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010), and affirming summary dismissal of § 2241 petition on exhaustion grounds).

The Bureau of Prisons has a multi-tiered administrative grievance process. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is not satisfied with the warden's response, the prisoner can file a BP-10 Form to appeal to the Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. If the prisoner is not satisfied with the Regional Director's response, the prisoner can file a BP-11 Form to appeal to the General Counsel at the Central Office, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18.

Petitioner states that he submitted a BP-8 form (an informal request) to Cherry Health Services, his reporting halfway house, on May 7, 2021, submitted a BP-9 form to Cherry Health Services. which was forward to the RRM Detroit in Milan, Michigan, on August 4, 2021, submitted a BP-10 form with the Regional Office in Kansas City, Kansas on October 21, 2021, and sent a follow-up email to the Regional Office on December 23, 2021. ECF No. 1, PageID.7, 27. Petitioner dated the instant

habeas petition on January 10, 2022.

The record in this case thus indicates that Petitioner has attempted to exhaust his administrative remedies, but has not received responses to his requests at the local and regional level as of the date that he instituted this action. The record, however, also indicates that Petitioner has not completed the administrative process at the national level, or attempted to do so, by filling a BP-11 Form with the Central Office. While the Court acknowledges Petitioner's frustration with the BOP's failure to respond to his requests, the Court nonetheless finds that he cannot abandon the process. Petitioner must complete the administrative process, or at least attempt to do so, before seeking federal habeas relief under 28 U.S.C. § 2241. His habeas petition is premature.[1]

IV.

For the reasons stated, the Court concludes that Petitioner is not entitled to relief on his claim. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the

---

[1] The Court notes that the majority of courts to interpret the statutory framework of the First Step Act have agreed that the BOP is not required to apply earned time credits before the end of the two-year phase-in period on January 15, 2022. *See, e.g., Allegra v. Hemingway*, No. 2:21-CV-11143, 2021 WL 6063607, *4 (E.D. Mich. Dec. 22, 2021); *Hills v. Carr*, No. 4:21-CV-737, 2021 WL 4399771, *4 (N.D. Texas Sept. 27, 2021) (collecting cases). Most courts have found that the BOP is not required to apply credits to a prisoner's time in prerelease custody or supervised release before January 15, 2022. *See, e.g., Allegra, supra, Holt v. Warden*, 539 F. Supp. 3d 1005, 1011-1012 (S.D. 2021) (citing cases and discussing statutory construction). Given the BOP's discretion over such matters and the fact that Petitioner's administrative requests (and the filing of this action) preceded January 15, 2022, Petitioner's best avenue for relief is to renew and/or continue to pursue his administrative remedies.

petition for a writ of habeas corpus.

Lastly, a certificate of appealability is not needed to appeal the dismissal of habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision. This case is CLOSED.

**IT IS SO ORDERED.**

                                                s/Denise Page Hood
                                                DENISE PAGE HOOD
                                                UNITED STATES DISTRICT JUDGE

Dated: March 30, 2022